IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-601-SLR |
| | ) |
| JACK A. MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Donald D. Parkell ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). An action is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff was housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, from March 29, 2012 until he was transferred to the VCC on January 31, 2014. He complains of the conditions of confinement at the HRYCI during the time he was housed there. This is the second lawsuit Parkell had filed complaining of the conditions of confinement at the HRYCI. *See Parkell v. Morgan*, Civ. No. 12-1304-SLR. Many of allegations raised in the instant case are identical to those dismissed during the screening of Civ. No. 12-1304-SLR. Therein, plaintiff raised the following conditions of confinement claims, all of which were

3

dismissed (*see id.* at D.I. 11, 12), as follows: Policies, practices or procedures were enacted or maintained that violated plaintiff's constitutional rights, because: (1) he was limited in the amount of clothing and linens assigned to him, and he was not provided a laundry bag; (2) he was denied basic hygiene because he did not always receive razors on the scheduled days and was not provided a shaving "make-up opportunity" when the tier was on lockdown; (3) he was not provided adequate mirrors; (4) there were two showers for the use of 59 inmates; (5) there were three telephones for the use of 59 inmates; (6) an insufficient number of correctional officers were assigned to monitor a tier; (7) inadequate staffing and correctional officers were pulled from a tier causing lockdowns; (8) there was inadequate space to exercise and no outdoor exercise; (9) there were insufficient food portions; (10) the installation of a device on the cell toilet penalizes an inmate for flushing the toilet more than once in five minutes; (11) three pretrial detainees were housed in a one-man cell; (12) there was a lack of privacy when using the toilet; (13) plaintiff was required to use the laundry service and could not use other methods to wash clothing; (14) when on lockdown, he was required to eat his meal in a cell with an unflushed toilet and two other men; (15) only 52 seats were provided at meal time when there were 59 inmates; (16) he was issued a pillowcase, but not a pillow; (17) there was a lack of response during the failure of the air system on an emergent basis; (18) correctional officers intentionally found ways to place a tier on lockdown rather than allowing more out-of-cell time; (19) sentenced inmates were housed with pretrial detainees as punishment to the sentenced inmate; and (20) sentenced inmates were afforded all facility amenities while pretrial detainees were afforded none.

7. The instant complaint raises claims that are same or similar to those raised at Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 13, and 19 in Civ. No. 12-1304-SLR. In addition, the instant complaint alleges that: (1) there are limited employment opportunities; (2) there is no risk assessment/classification system in place to determine pre-trial housing cell assignments; (3) plaintiff was attacked by other inmates on his tier after he issued an ultimatum to them which resulted in his hospitalization, and he was dissatisfied with the medical care he received; (4) an unnamed officer from the HRYCI identified plaintiff as a snitch which has resulted in death threats; (5) if an inmate does not participate in religious activities, the inmate is locked into his cell; (6) the noise on the west-side at the HYRCI is at dangerously high levels; (7) there are no programming activities, and no educational, recreation, employment, counseling or mental health programs; and (8) plaintiff has filed numerous grievance and appeals complaining of the conditions of confinement at the HRYCI.

8. Named as defendants are Delaware Governor Jack A. Markell ("Markell"), Delaware Attorney General Beau Biden ("Biden"), Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe"); HYRCI Warden Phillip Morgan ("Morgan"), and Lieutenant Mary Matthews ("Matthews"). Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

9. **Maliciousness**. As discussed, the instant complaint raises claims that are the same or similar to Claim Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 13, and 19 that were dismissed by the court in Civ. No. 12-1304-SLR. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and

alteration omitted); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff). *See also Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

10. Many of the claims asserted in the instant case fall squarely in the category of malicious litigation. They will not be considered and will be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The remaining claims will be discussed in seriatim.

11. **Activities, Education, Employment, Counseling**. Plaintiff complains that there are no activities, education, counseling, and limited employment. Prisoners have no constitutional right to an education. *See Flanyak v. Ross*, 153 F. App'x 810, 812 (3d Cir. 2005) (unpublished). Nor do they have a constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006) (unpublished). Finally, prisoners have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). The claims are legally frivolous and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **Conditions of Confinement**. While not clear, it appears that plaintiff was a pretrial detainee during the time-frame as alleged in the complaint. The Eighth Amendment cruel and unusual punishment clause does not apply until an inmate has been both convicted of and sentenced for his crimes. *See Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). Pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979); *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987). A pretrial detainee "may not be punished [at all] prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535. Thus, a pre-trial detainee may be subject to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37.

13. **Noise**. Plaintiff alleges that the noise on the west-side at the HYRCI is at dangerously high levels, stating that the television in the west-side unit is turned up to the full volume, but the inmates on the tier drown out the volume. Plaintiff does not allege that he suffered any actual damage or harm. The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

14. **Operation of HRYCI**. Plaintiff complains that there is no risk assessment or classification system in place to determine pretrial housing cell assignments. He also complains that if an inmate opts out of religious activities, the inmate is locked into his cell. The claims do not rise to the level of constitutional violations. In addition, prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418

U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

15. **Medical Care/Mental Health Programs**. Plaintiff was attacked by inmates on his tier after he issued an ultimatum to them. His injuries resulted in his hospitalization, and he was dissatisfied with the medical care and treatment he received following the injury. Plaintiff also complains that there are no mental health programs at the HYRCI.

16. When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976). *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To evaluate a medical needs claim, the court determines if there is evidence of a serious medical need and acts or omissions by prison officials indicating deliberate indifference to those needs. *Id.* at 582. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

8

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpublished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle*, 429 U.S. at 107. Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

17. It is clear from the allegations in the complaint that plaintiff received medical care and treatment following the attack by other inmates. Plaintiff, however, disagreed with the treatment and medication provided him. In addition, plaintiff complains that there are no mental health programs at the HRYCI, but there are no allegations of a serious mental health need that requires mental health treatment or that prison officials were deliberately indifferent to plaintiff's medical and mental health care needs. Even when reading the complaint in the most favorable light to plaintiff, he fails to state actionable constitutional claims for deliberate indifference to serious medical/mental health needs. The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

18. **Snitch**. Plaintiff alleges that an unnamed officer from the HRYCI identified him as a snitch which resulted in death threats. Plaintiff complained about the officer in

January 2014 and was immediately transferred to VCC. Plaintiff has been told by VCC inmates that "word has reached them that the plaintiff is suspected of cooperating."

19. While this court has recognized the serious implications of being labeled a "snitch" in prison, *Blizzard v. Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled a snitch "can put a prisoner at risk of being injured"), the complaint lacks allegations of personal involvement by defendants. In addition, the allegations indicate that, when the matter was brought to the attention of prison authorities, plaintiff was transferred from the HRYCI. The claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

20. **Grievances**. Plaintiff alleges that Matthews was the grievance officer who either denied each grievance he submitted or found the grievance non-grievable. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729.

21. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the

grievance process is inadequate. Therefore, the court will dismiss the claims against Matthews as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

22. **Respondeat Superior**. Finally, it appears that plaintiff named Markell, Biden, Coupe, and Morgan as defendants, in part, based upon their supervisory positions. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Plaintiff provides a number of suggestions on how defendants could improve conditions at the HYRCI. However, as discussed, none of plaintiff's claims rise to the level of constitutional violations. Accordingly, all claims raised against Markell, Biden, Coupe, and Morgan will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

23. **Conclusion**. For the above reasons, the complaint will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile. A separate order shall issue.

*[signature]*
UNITED STATES DISTRICT JUDGE

Date: *September 5*, 2014