IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-601-SLR |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Donald D. Parkell ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed in forma pauperis. Pending are plaintiff's motion to compel and to extend discovery and amended motion to compel discovery, and defendants' motion for summary judgment. (D.I. 35, 39, 41)

2. **Background**. Plaintiff's combined request for admissions and interrogatories (D.I. 22) and request for production of documents (D.I. 23) directed to defendants were filed with the court on February 11, 2016, prior to the time that defendants had answered or otherwise appeared. In April, plaintiff sent another request for production of documents (D.I. 28) to defendants filed with the court on April 18, 2016. On May 16, 2016, out of an abundance of caution and due to a confidentiality agreement entered into with defendants, plaintiff refiled copies of the request for admissions and interrogatories (D.I. 22) and request for production of documents (D.I. 28). (See D.I. 30, 31) On July 8, 2016, in response to plaintiff's requests for production of documents,

defendants provided plaintiff 878 pages of discovery that included 627 pages of medical records and 251 pages of plaintiff's institution file. (*See* D.I. 32, 33, 34) On August 17, 2016, defendants supplemented their discovery and provided plaintiff with a copy of DOC policy D-02, medication management. (*See* D.I. 37, 38)

3. **Motions to Compel and to Extend Discovery**. On July 25, 2016, plaintiff filed a motion to compel defendants to respond to his discovery requests on the grounds that the responses were not timely, he was provided with a partial medical file "deliberately filed in confusion with dates and relevance scattered throughout 800 plus pages," and defendants "utterly ignored the vast majority of requests." (D.I. 35) Defendants' response states that they served, and filed, full and complete answers to the discovery requests found at Docket Items 23 and 31.[1] (D.I. 36) Defendants note that plaintiff's motion to compel fails to identify how their responses are inadequate.

4. On September 13, 2016, plaintiff filed an amended motion to compel discovery requests again seeking responses to the request for admissions and interrogatories (D.I. 22) and request for production of documents (D.I. 23, 28). (D.I. 41) Defendants did not file a response to the motion.

5. **Discussion**. Pursuant to Fed. R. Civ. P. 26(b)(1),

> [u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs

---

[1] D.I. 31 is identical to D.I. 28.

2

>its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33 (interrogatories to parties) or a party fails to produce documents as requested under Fed. R. Civ. P. 34 (producing documents). While Fed. R. Civ. P. 37(a)(1) provides that the motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to obtain it without court action, this court's Local Rules do not require pro se litigants to comply with the requirement. See D. Del. LR 7.1.1 ("[e]xcept for civil cases involving pro se parties or motions brought by nonparties, every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion.")

6. A party moving to compel another party to respond to a discovery request must direct the court to the particular discovery request at issue and inform the court of how the response received to that request, if any, is deficient. See *Parks, LLC v. Tyson Foods, Inc.*, 2015 WL 5042918 (E.D. Pa. Aug. 26, 2015). To enable the court to assess the sufficiency of the discovery produced, the court must know which request is at issue, how the response to that request is allegedly deficient, and why the producing party's response runs afoul of the discovery rules. *Id.* at *2. Without this information, the court cannot properly determine whether defendants' responses are inadequate. *Id.; see also Royster v. Corizon*, 2015 WL 853788, at *2 (M.D. Pa. Feb. 26, 2015)

3

(explaining that the moving party "must supply the court with . . . defendants' response to his discovery request and advise the court why the response is inadequate or otherwise improper" for "[w]ithout this information the court cannot accurately assess [the party's] motion to compel").

7. **Motion to Compel**. With regard to plaintiff's motion to compel (D.I. 35) filed on July 25, 2016, plaintiff failed to meet his obligation to inform the court which discovery requests are the subject of the motion, and the court is unable to discern why the responses are inadequate. Therefore, the motion will be denied.

8. **Amended Motion to Compel**. With regard to plaintiff's amended motion to compel (D.I. 41) filed on September 13, 2016, the court turns first to the requests for production of documents (D.I. 23, 28). Initially, the court notes that defendants provided more than 800 pages of discovery to plaintiff described as medical records and institutional records, most of which were identified as medical records.

9. **February 11, 2016 Request for Production of Documents (D.I. 23)**. In reviewing defendants' responses to the February 11, 2016 request for production of documents, the court notes that defendants answered each request, objected to each request on the grounds that each request sought confidential and privileged documents, and produced many of the same documents for each request. For example, defendants produced documents labeled: (1) DOC000627-DOC000878 as responsive to Request No. 1; (2) DOC000001-DOC000878 as responsive to Request Nos. 2, 3, 5, 6, and 7; and (3) DOC000001-DOC000627 as responsive to Request No. 4.

10. In the amended motion to compel, plaintiff explains what the requested information will show and how it is relevant to the issues he presents. Plaintiff, however, does not advise the court why the voluminous documents produced by defendants do not adequately respond to the February 11, 2016 request. Nor is it up to the court to review each page of discovery produced to determine if the responses are adequate or inadequate. Accordingly, the court will deny plaintiff's amended motion to compel as to the February 11, 2016 request for production of documents. (D.I. 23)

11. The amended motion to compel also seeks responses to the April 18, 2016 request for production of documents (D.I. 28) and the February 11, 2016 request for admissions and interrogatories propounded on defendants (D.I. 22) The court has scoured the court docket and finds no responses to either filing.

12. **April 18, 2016 Request for Production of Documents (D.I. 28)**. Turning first to the April 18, 2016 request for production of documents, it was filed prior to the expiration of the discovery deadline. (*See* D.I. 27 scheduling order) Defendants did not file a response to the request within 30 days after service of the request, the request having been mailed to defendants on April 14, 2016 and filed in this court on April 18, 2016. Nor did defendants respond to the amended motion to compel responses to the request for production of documents. Therefore, the court will grant plaintiff's amended motion to compel responses to the April 18, 2016 request for production of documents. (D.I. 28) Defendants' responses shall be filed on or before **May 17, 2017**.

13. **February 11, 2016 Request for Admissions and Interrogatories (D.I. 22)**. Finally, plaintiff seeks responses to the February 11, 2016 combined request for

admissions and interrogatories propounded on defendants. (D.I. 22) There is no certificate of service attached to the February 11, 2016 discovery request, although defendants acknowledge that it was received by them on or about February 17, 2016. (D.I. 36, ¶ 7) Curiously, the filing is titled as both a request for admissions and interrogatories, two very different types of discovery. Hence, it is not clear what plaintiff seeks: admissions as to the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either, see Fed. R. Civ. 36(a)(1), or answers to written questions that relate to any matter that may be inquired into under Rule 26(b), see Fed. R. Civ. P. 33(a)(2). Regardless of the confusion, defendants did not respond in any fashion within the 30-day time frame as set forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(b)(2) (the responding party must serve its answers and any objections within 30 days after being served with the interrogatories); Fed. R. Civ. P. 36(a)(3) (a matter is admitted, unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objections addressed to the matter and signed by the party or its attorney).

14. Accordingly, the court will grant plaintiff's amended motion to compel responses to the February 11, 2016 combined request for admissions and interrogatories propounded on defendants with the following caveat. Given plaintiff's pro se status, on or before, **April 17, 2017**, plaintiff shall identify the February 11, 2016 filing (D.I. 22) as either a request for admissions **or** interrogatories propounded upon defendants. Once plaintiff has identified the filing, defendants shall respond

appropriately within the 30 day time-frame set forth by the Federal Rules of Civil Procedure.

15. **Motion to Extend Discovery**. Plaintiff seeks a 90 day extension of time to complete discovery. (D.I. 35)  The court will grant the motion. Given that deadlines will be amended, the court will deny without prejudice to renew defendants' motion for summary judgment. (D.I. 39)

16. **Conclusion**.  For the above reasons, the court will:  (1) deny the motion to compel (D.I. 35); (2) grant the motion to extend discovery (D.I. 35); (3) deny without prejudice to renew defendants' motion for summary judgment (D.I. 39); and (4) grant in part and deny in part the amended motion to compel discovery (D.I. 41).  A separate order shall issue.

Dated: March 29, 2017

Senior United States District Judge