IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DONALD D. PARKELL, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-601-SLR ) |
| ROBERT COUPE, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Donald D. Parkell ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed in forma pauperis. Pending are plaintiff's request for counsel, motion to stay, and two motions to compel production of documents. (D.I. 47, 48, 49, 50)

2. **Background.** On March 29, 2017, the court entered an order that granted in part and denied in part plaintiff's amended motion to compel. (*See* D.I. 46) The order provided an April 17, 2017 deadline for plaintiff to identify his February 11, 2016 filing (D.I. 22) as either a request for admissions or interrogatories propounded upon defendants. It further provided that once plaintiff identifies the filing, defendants shall respond appropriately within the 30 day time-frame set forth by the Federal Rules of Civil Procedure.

3. On April 3, 2017, plaintiff file a motion for a stay of the order. (D.I. 48) Plaintiff explains that all of his property has been destroyed by the prison and he does not have a copy of Docket Item 22 or any other documents filed in this case (apparently

as a result of the February 2017 hostage incident at the VCC). In conjunction with the motion to stay, plaintiff asks the court to order defendants to provide him with every motion he and defendants have filed in this case, all court orders, and all discovery defendants previously provided plaintiff in response to his discovery requests. (D.I. 49) He recently filed a second motion for production of documents that seeks basically the same relief. (D.I. 50) Plaintiff also seeks an order for the prison law library to provide him photocopies of two books that were destroyed: *The Prisoner's Self-Help Litigation Manual* and *Constitutional Rights of Prisoners*. Plaintiff states that the prison law library produces copies of these books for inmates and they are available without unnecessary burden. (*Id.*)

4. **Motion to Stay and Motion for Documents**. The court will deny the motion to stay. (D.I. 48) However, current deadlines will be amended as set forth in the accompanying order. Plaintiff's motion for production of documents will be granted in part and denied in part. (D.I. 49) Plaintiff's second motion for production of documents will be denied as moot. Plaintiff represents to the court that his court documents in this matter were destroyed. In light of this fact, defendants will be ordered to provide to plaintiff copies of the following documents: answer to amended complaint (D.I. 24); proposed stipulated protective order (D.I. 29); response to discovery requests (D.I. 32, 33, 34); and supplemental discovery responses (D.I. 37, 38). The Clerk of Court will be ordered to provide plaintiff copies of: a current court docket sheet; the amended complaint (D.I. 19); November 4, 2015 order (D.I. 20); request for admissions and interrogatories filed by plaintiff (D.I. 22); April 6, 2016 scheduling order (D.I. 27); and

2

March 29, 2017 memorandum and order (D.I. 45, 46). Because plaintiff represents that the prison law library regularly produces copies of the two books that were destroyed, and that those books appear to be staples of the prison law library, the court declines to order the prison law library to replace the books.

5. **Request for Counsel.** Plaintiff requests counsel on the grounds that he has lost claims and damages due to his inability to litigate his obviously constitutional claims, referring to previous cases he has litigated. (D.I. 47) Plaintiff states that his "inability is linked to [his] serious mental illnesses." (*Id.*) He states that the February 2017 incident wherein he "was held hostage has caused hallucinations and other post-traumatic stress symptoms." (*Id.*) Plaintiff also contends that he is unable to access the VCC law library; the unsecured in-house mail system is the only way for him to file documents; and defendants do not cooperate in discovery. (*Id.*)

6. Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2), whether a pro se litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

7. The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that

the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests within the sound discretion of the district court. *Powell*, 680 F.3d at 303.

8. Here, plaintiff makes bald allegations of mental illness. Plaintiff has not submitted any verifiable evidence of incompetence to this court. Thus, this court has no duty to conduct a sua sponte determination of competency under Rule 17(c)(2).

9. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include:

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

(1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative.

*Tabron*, 6 F.3d at 157.

10. Assuming, solely for the purpose of deciding this motion, that plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. The case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date, the filings in this case demonstrate plaintiff's ability to articulate his claims and represent himself. Indeed, plaintiff is a frequent filer and, in other lawsuits he has filed, has been somewhat successful. Thus, in these circumstances, the court will deny without prejudice to renew plaintiff's request for counsel. The court can address the issue at a later date should counsel become necessary

11. **Conclusion.** For the above reasons, the court will: (1) deny the request for counsel without prejudice to new (D.I. 47); (2) deny the motion to stay (D.I. 48); (3) grant in part and deny in part the motion for production of documents (D.I. 49); (4) deny as moot the second motion for production of documents; and (5) amend discovery and dispositive motion deadlines. A separate order shall issue.

Dated: April ___30___, 2017

_____
Senior United States District Judge

5