UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DONALD PARKELL,
　　Plaintiff,

v.　　　　　　　　　　　14-601-SLR

ROBERT COUPE et al.,
　　Defendants

MOTION TO COMPEL DOCUMENTS REQUESTED

Defendants filed responses to D.I. 28 on May 15, 2017.

As acknowledged and described by defendants, the D.I. 28 request concerned 20 enumerated topics, with numerous subsections per topic from January 1, 2008 to January 31, 2014, which sought any and all grievances filed by any inmate or pre-trial detainee, as well as 1. any and all handwritten notes or other correspondence made by any inmate or detainee in relation to the topics named within the request; 2. any documents created due to outside parties' inquiries, including but not limited to families of the people housed in HRYCI, advo-

1

cacy groups, governmental entities, investigative agencies, etc., in any form, related to the topics named, from 1-1-2008 to 1-31-2014, sentenced and unsentenced alike; 3. applied to convicted, sentenced, unsentenced, pretrial, west-side housing, and Eastside housing, as well as persons housed in the gyms, booking and receiving, or the fishbowl area; and 4. those serving partial sentences such as weekends.

The defendants chose to only produce my own grievances claiming confidentiality and privilege pursuant to 11 Del. C. §4322 and 29 Del. C. §10002(g).

On or about May 7th, 2016, the parties agreed to an Order of this Court, one which ironically was conceived and drafted by the defendants themselves, that provided for the confidentiality of documents to be produced to be preserved.

Under the order, it is stipulated that:

    1. Defendants may designate material or information in this litigation as "Confidential", in which case such material SHALL be treated in accordance with the terms of this Stipulated Protective Order;

2

3. Plaintiff, upon... MENTS MARKED "CONFIDENTIAL"...;

4. ANY DOCUMENT... that defendants believe to contain Confidential Information as is Defined... SHALL be so designated by stamping or otherwise applying thereto the designation "Confidential", in which case such designated document and the information contained therein SHALL BE TREATED IN ACCORDANCE WITH THE TERMS OF THE STIPULATED PROTECTIVE ORDER;

5. It is further stipulated and agreed that for purposes of this litigation only, Plaintiff MAY review ANY material or document designated "CONFIDENTIAL", but under no circumstances... be permitted to copy, distribute or disseminate any portion of such "CONFIDENTIAL" materials;

7. Material and Information marked "CONFIDENTIAL" MAY be used solely for purposes of this litigation and, if otherwise admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation; and

13. On final resolution of this litigation, Plaintiff, and... SHALL... destroy or return to Defendants ALL materials, documents and things marked as CONFIDENTIAL.

The language of the Order is not ambiguous and clearly provides for the disclosure of confidential information. The order ensures that such information is given utmost privilege and returned upon conclusion of litigation.

The usage of the emphasized language (shall, any, etc.) engages an agreement between myself and the defendants to provide the items requested in D.I. 28, and the parties' signatures exhibit the agreement enforceable.

The response to the 20 enumerated requests is an "objection to the extent this request seeks confidential and privileged documents protected from disclosure pursuant to 11 Del. C. § 4322 and 29 Del. C. § 10002(g). Such document request seeking any and all grievances filed by any inmate housed at HRYCI including pretrial detainees, concerning (20) twenty enumerated topics, with numerous subparts per topic named herein, from Jan. 1, 2008 to Jan. 31, 2014, are confidential and privileged, and not subject to disclosure...".

This response is exactly what the agreement abrogated. The defendants are without reason.

4

Each of the requests the knowledge of the defendants pertaining to the dangerous conditions and their lack of reasonable actions to address the same. The aggregate of the conditions will show an overwhelmingly dangerous environment that is impermissibly permitted to continue through the deliberate indifference of the defendants. I ask this court compel production of the requested documents in #28 (D.I.) Respectfully,

Donald Parkell
1181 Paddock Rd.
Smyrna, De. 19977
5-20-2017

5

# EXHIBIT "A"



~~Subsection 4/5/12~~

STIPULATED PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 14-601-SLR |
| | ) |
| ROBERT COUPE and PHIL MORGAN, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff seeks production of certain policies and procedures of the Delaware Department of Correction, the Delaware Bureau of Prisons, and/or the Howard R. Young Correctional Institution;

WHEREAS, Defendants assert that 11 *Del. C.* § 4322 prohibits the release of such information in the absence of a formal court order authorizing such release;

NOW THEREFORE, it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1. Defendants may designate material or information in this litigation as "Confidential," in which case such material or information shall be treated in accordance with the terms of this Stipulated Protective Order.

2. The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality or otherwise as created by federal and state common and statutory law.

3. The term "Confidential" may be applied only to material or information that Defendants in good faith believe is confidential under 11 *Del. C.* § 4322. This Stipulation shall not be construed to waive or otherwise prejudice any right, remedy, claim or defense in this action. Plaintiff, upon disclosure of documents marked "Confidential" under this Stipulation, may object to and seek removal of such marking by filing an appropriate motion, with notice to all parties and opportunity to respond.

4. Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, brief, memorandum, or any other paper that Defendants believe to contain Confidential Information as is defined, set forth or deemed part of the documents enumerated in 11 Del.C. § 4322(a) and (d) shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL," in which case such designated document and the information contained therein shall be treated in accordance with the terms of the Stipulated Protective Order.

5. Any material or document designated "CONFIDENTIAL" shall be available only to Qualified Persons, shall be used solely in connection with this litigation (including appeals), and shall not be disclosed to any other person without the prior written consent of Defendants or of the Court. It is further stipulated and agreed that for purposes of this litigation only, Plaintiff may review any material or document designated "CONFIDENTIAL" but under no circumstances shall Plaintiff be permitted to copy, distribute, or disseminate any portion of such "CONFIDENTIAL" materials.

6. "Qualified Person," as used herein, shall mean:

   a. any attorney appearing of record or of counsel in this case and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel;

   b. any independent expert or independent consultant and their employees serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

   c. any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

   d. any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition;

   e. the Court and its personnel; and

   f. the parties; provided, however, Plaintiff, Donald Parkell, SBI #279174, shall not be permitted to retain, copy, distribute, or disseminate any portion of such document marked "CONFIDENTIAL" other than as necessary for purposes of prosecuting this action.

No other person shall become a Qualified Person without prior leave of the Court or prior written consent of Defendants.

7. Material and information marked "CONFIDENTIAL" may be used solely for purposes of this litigation and, if otherwise admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation.

8. If material or information marked "CONFIDENTIAL" is used in any deposition,

the portion of the deposition in which the material or information is used shall be deemed to contain confidential information as defined in this Stipulated Protective Order and shall be treated as if it were marked "CONFIDENTIAL" in accord with this Stipulated Protective Order. Use of material or information marked "CONFIDENTIAL" in a deposition shall not change its status under this Stipulated Protective Order.

9. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Stipulated Protective Order, Plaintiff shall (a) use best efforts to obtain the return of any such Confidential Information; (b) promptly inform such person of all provisions of this Stipulated Protective Order; and (c) identify such person immediately to Defendants.

10. Any Defendant may testify concerning any material or information marked "CONFIDENTIAL" so long as there is no objection other than confidentiality to such testimony.

11. All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked "CONFIDENTIAL" shall be filed in sealed envelopes that bear the statement: "CONFIDENTIAL – FILED UNDER SEAL."

12. The inadvertent or unintentional failure by Defendants to designate specific documents or information as Confidential shall not be deemed a waiver in whole or in part of Defendants' claim of confidentiality as to such documents or information.

13. On final resolution of this litigation, Plaintiff, and other persons subject to the terms hereof shall, within sixty (60) calendar days, destroy or return to Defendants all materials, documents and things marked as CONFIDENTIAL.

14. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. If Plaintiff becomes subject to a motion to disclose Defendants' information which has been designated CONFIDENTIAL pursuant to this order, Plaintiff shall promptly notify Defendants of the motion so that Defendants may have the opportunity to appear and be heard on whether that information should be disclosed.

PLAINTIFF

_/s/ Donald Parkell_
Donald Parkell, Inmate
SBI# 279174
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

May 7TH, 2016

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

_/s/_
Joseph C. Handlon (#3952)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Joseph.Handlon@state.de.us
Attorney for Defendants

SO ORDERED this ___ day of _____, 2016.

_____
United States District Judge

11

CERTIFICATE OF SERVICE

I declare + certify that on May 20th, 2017, I filed an e-copy of the motion to compel documents requested through the prison in-house mail system as outlined as a requirement now.

Donald Parkell

1181 Paddock Rd.
Smyrna, De. 19977
5-20-2017

12